UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ELAINE PARKER-REED,

        Plaintiff,

   v.

SPRINT CORPORATION, GEORGE WHITE, and DOES 1-49, inclusive,

        Defendant(s).

NO. CIV. S 03-2616 MCE PAN

MEMORANDUM AND ORDER

----oo0oo----

    In bringing the present action, Plaintiff Elaine Parker-Reed ("Plaintiff") alleges that Defendant Sprint Corporation ("Defendant"), and George White as its agent, subjected Plaintiff to discrimination, sexual harassment, retaliation and a hostile work environment in violation of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et. seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C § 621 et. seq., the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the California Fair

1

Employment and Housing Act ("FEHA"), California Government Code §§ 12900-12996.  Defendant now moves to dismiss certain of Plaintiff's claims or, in the alternative, for summary adjudication as to those claims.[1]  For the reasons set forth below, summary adjudication of Plaintiff's Federal Claims and State Claim in favor of Defendant is granted.[2]

## BACKGROUND

Plaintiff was hired by Defendant in May of 1989.  In late 2001, Plaintiff went on medical leave pursuant to instructions from her physician.  By February 15, 2002, Plaintiff's employment was terminated by Defendant.  On August 20, 2002, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") alleging claims of discrimination and otherwise wrongful conduct on the part of Defendant.  On September 12, 2002, the DFEH issued Plaintiff a "right-to-sue" letter ("DFEH letter").  The DFEH letter explained that Plaintiff had one year from the date it was issued to seek legal redress on state law

---

[1] The federal claims that are the subject of this motion are Discrimination Based on Sex (first cause of action); Discrimination Based on Race and Ancestry (second cause of action); Discrimination Based on Age (third cause of action); Discrimination Based on Medical Condition and Mental Disability (fourth cause of action); Harassment Based on Sex (fifth cause of action); Retaliation (sixth cause of action); Failure to Stop Discrimination, Harassment, Retaliation, and Hostile Work Environment (eighth cause of action);(collectively, "Federal Claims").  The state claim that is the subject of this motion is Breach of the Employment Agreement and of the Covenant of Good Faith and Fair Dealing (tenth cause of action)("State Claim").

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

causes of action. The DFEH letter also provided that, should Plaintiff wish to pursue remedies under federal law, she was required to file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 30 days of receipt of the DFEH letter. Due to an error in her address, Plaintiff did not receive her DFEH letter until some forty-five (45) days after the issuance thereof. Plaintiff did not then, nor has she ever, filed a claim with the EEOC.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also* Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary

3

adjudication is the same as that which applies to a motion for summary judgment. *See* Fed. R. Civ. P. 56(a), 56(c); <u>Mora v. ChemTronics</u>, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. at 323(quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-87 (1986); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 251-52 (1986); <u>Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers</u>, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary

4

question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more that simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

**1.   Exhaustion of Administrative Remedies**

Defendant first contends that Plaintiff's Federal Claims should be dismissed because she failed to exhaust her administrative remedies. In reply, Plaintiff urges that her DFEH

5

complaint and subsequent DFEH right-to-sue letter satisfy both her state and federal administrative exhaustion requirements.

Plaintiff has brought causes of action under Title VII, the ADA and the ADEA. In order to assert a cause of action under any of these federal statutes, an individual must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1)(Title VII filing requirement); 42 U.S.C. § 12117(a)(ADA filing requirement); 29 U.S.C. § 262(d)(ADEA filing requirement). Failure to meet these filing requirements acts as a limitation period and bars subsequent actions in federal court.

Plaintiff's axial argument is that, pursuant to 29 C.F.R. 1626.10(c), the DFEH and the EEOC are engaged in a workshare agreement meaning that a filing with one agency is deemed received or filed with the other. In fact, section 1626.10(c) provides as follows:

> When a worksharing agreement with a State agency is in effect, the State agency will act on certain charges and the Commission will promptly process charges which the State agency does not pursue. Charges received by one agency under the agreement shall be deemed received by the other agency *for purposes of § 1626.7.*

29 C.F.R. 1626.10(c)(emphasis added).

Plaintiff is correct that the DFEH is an approved state agency and has entered into a workshare agreement with the EEOC. Plaintiff's contention, however, that the foregoing provision acts to transform her DFEH filing into an EEOC filing such that it satisfies her EEOC administrative exhaustion requirement is unavailing. While this provision does provide that a claim received by a state agency is "deemed received" by the EEOC, it

6

is only deemed received "for purposes of Section 1626.7."  29 C.F.R. 1626.10(c).  Section 1626.7 refers solely to the timeliness, as opposed to the existence, of an EEOC charge. Specifically, that section provides that in the event an aggrieved party initially files a charge with a state agency, that party has 300 days from the date of the alleged violation to file a charge with the EEOC as opposed to the statutorily proscribed 180 days.  42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. 1626.7.  This provision extended Plaintiff's time to file her EEOC charge from 180 days to 300 days. Nonetheless, Plaintiff has never filed a claim with the EEOC and this provision does nothing to cure that procedural defect.

**2.   Equitable Estoppel**

Next, Plaintiff argues that her DFEH claim should act to equitably estop Defendant from claiming that her Federal Claims are time barred.  Again, Defendant correctly rebuts that equitable estoppel "arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action." Prudential-Lmi Com. Ins. v. Superior Court, 51 Cal. 3d 674, 690 (Cal. 1990)(internal citations and quotations omitted).  The California Supreme Court has also explained that "[t]he estoppel cases appear to fall roughly into three classes: (1) Where the plaintiff is aware of his cause of action and the identity of the wrongdoer, but the latter by affirmative acts induces the plaintiff to refrain from suit. (2) Where the plaintiff is unaware of his cause of action and his

7

ignorance is due to false representations by the defendant. (3) Where the plaintiff is unaware of the identity of the wrongdoer and this is due to fraudulent concealment by the defendant." Id.

It is undisputed that Defendant did not engage in any conduct or affirmative act that would have induced Plaintiff not to file her claim timely. Similarly, Plaintiff was clearly aware of her cause of action no later than her August 20, 2002, DFEH filing. Because Plaintiff has failed to establish any element of equitable estoppel, she is not entitled to rely thereon to save her Federal Claims.

**3.   Equitable Tolling**

Similarly, Plaintiff argues that this Court should apply the doctrine of equitable tolling to toll the statutory bar on her Federal Claims. Equitable tolling focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant. The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir., 2003)(internal citations and quotations omitted). If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations until the plaintiff can gather what information she needs. Id.

There is no question that Plaintiff was aware of the circumstances that gave rise to her Federal Claims at the time

she filed her complaint with the DFEH on August 20, 2002. At the latest, she was made aware of the EEOC filing requirement when she received her DFEH letter in late October 2002. In fact, the DFEH letter included the following statement:

> "If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier."

Am. Compl., ¶ 7.

Plaintiff had actual knowledge of the time limit for filing her EEOC complaint by late October 2002. Nonetheless, she did not file her EEOC claim within the mandatory time period or at any time thereafter. Consequently, she is not entitled to have the statutory time for filing a charge with the EEOC equitably tolled and, thus, her Federal Claims are barred.

**4.  Breach of Employment Agreement and of the Covenant of Good Faith and Fair Dealing**

Defendant has moved for summary adjudication as to Plaintiff's tenth cause of action for breach of the employment agreement and of the covenant of good faith and fair dealing.

Defendant claims that Plaintiff is an at-will employee and can be terminated at any time with or without cause. As evidence of the at-will nature of the relationship, Defendant has produced a copy of Plaintiff's signed acknowledgment which provides that either party may, with or without notice, terminate the employment relationship. Jones Decl., ¶2, Exh. A. In addition, Defendant relies on the presumption of an at-will relationship

9

1  created by California Labor Code section 2922 which provides that
2  "... employment, having no specified term, may be terminated at
3  the will of either party on notice to the other."

4  Plaintiff's complaint alleges that during the entire course
5  of her employment with Defendant, supervisors rated her
6  performance as over and above normal expectations and told her
7  that she was an asset to the company.  Plaintiff asserts that, as
8  a result of the above representations, she came to rely on the
9  promise of job security.  Plaintiff also alleges that there
10 existed an implied agreement that Plaintiff would not be
11 terminated without cause.

12 Defendant correctly notes that under California law, an
13 express at-will provision in a written contract cannot be
14 overcome by allegations of an implied understanding to the
15 contrary.  The California Supreme Court recently explained that
16 "most cases applying California law . . . have held that an
17 at-will provision in an express written agreement, signed by the
18 employee, cannot be overcome by proof of an implied contrary
19 understanding." Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 368
20 n. 10, 8 P.3d 1089 (Cal. 2000).  Plaintiff's assertion that
21 statements by her supervisors intimated that she could be fired
22 only for cause cannot create an implied contract in the face of
23 the written, signed at-will employment contract.  See id.; see
24 also Starzynski v. Capital Pub. Radio, 88 Cal. App. 4th 33, 105
25 Cal. Rptr. 2d 525 (Cal. Ct. App. 2001).

26 Plaintiff further alleged in her complaint that even if her
27 employment is considered at-will, the covenant of good faith and
28 fair dealing, implied by law in every contract, destroyed her

10

right to receive the benefits of her employment agreement and thwarted her reasonable expectation of continued employment, salary, promotions, pay raises, bonuses, health benefits, and retirement benefits.  While an implied covenant requires mutual fairness in applying a contract's actual terms, it cannot substantively alter those terms.  See Guz, 24 Cal. 4th at 326-327.  If an employment is at-will, thereby allowing either party to terminate the relationship for any reason, the implied covenant cannot decree otherwise.  Id.

Even viewing all the facts in the light most favorable to Plaintiff as we must when considering a motion for summary adjudication, Plaintiff has failed to present any evidence that she was other than an at-will employee subject to termination for any lawful reason with or without notice.  Given Plaintiff's failure to present any evidence whatsoever that Defendant violated the employment agreement or the implied covenant of good faith and fair dealing, summary adjudication of Plaintiff's State Claim is appropriate.

**5.   Request to Seal Court Records**

On September 30, 2005, the Court received a request from Plaintiff to seal the record in this case.  Specifically, Plaintiff requests that the record be sealed as it contains factual, family, agency and otherwise sensitive information.  The Court finds that Plaintiff has failed to provide good cause to seal the record.  Consequently, Plaintiff's request is denied.

11

**CONCLUSION**

For the reasons more fully explained above, Defendant's motion for summary adjudication as to Plaintiffs Federal Claims and State Claim is GRANTED. In light of the dismissal of all of Plaintiff's Federal Claims, the Court remands this case to the state court for all remaining state law claims.

IT IS SO ORDERED.

DATED: October 14, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

12