UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ELAINE PARKER-REED,

        Plaintiff,

   v.

SPRINT CORPORATION, George White, and DOES 1-49 inclusive,

        Defendants.

NO. CIV. S 03-2616 MCE PAN

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

On October 18, 2005, Defendant Sprint/United Management Company ("Sprint") filed a motion for immediate stay and reconsideration of this Court's order remanding the above entitled action to state court for lack of federal jurisdiction. As a basis for its motion, Sprint avers that the Court mistakenly assumed that federal jurisdiction had been premised on a federal question rather than on diversity. In its motion, Sprint has requested an immediate stay of this Court's remand order pending reconsideration thereof. For the reasons set forth below,

1

1 Sprint's motion for an immediate stay is denied.[1]

2 As an initial matter, Sprint originally moved for summary adjudication in response to Plaintiff's July 25, 2005, amended complaint. On the face of that complaint, Plaintiff named both Sprint as well as George White as defendants. The bare allegations of Plaintiff's complaint are that Sprint is "a California corporation, operating and doing business in the County of Sacramento, in the State of California." Pl's. Compl. ¶ 3. There is no allegation in Plaintiff's complaint regarding the citizenship of George White.

The Court must determine the existence of federal jurisdiction solely by an examination of the plaintiff's case without regard to the Defendant's pleadings. <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998). On the face of Plaintiff's complaint, there is no diversity jurisdiction. As noted above, Sprint filed a motion for summary adjudication in response to Plaintiff's amended complaint but failed to bring to the Court's attention that it is not a citizen of California as alleged by Plaintiff. Moreover, Sprint did not clarify George White's citizenship or seek to have him removed on the basis that he is a sham defendant named solely to defeat diversity jurisdiction.

Neither the operative pleadings or moving papers set forth a basis for diversity jurisdiction. Sprint cannot, now, allege that this Court was mistaken in remanding the purely state law

---

[1] Because oral argument will not be of material assistance, the Court orders this motion for an immediate stay submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

claims to the state court based on lack of federal jurisdiction.

**CONCLUSION**

For the reasons fully explained above, Sprint's motion for an immediate stay is DENIED.  Sprint's motion to reconsider will remain on calendar to be heard in this Court at 9:00 a.m., November 14, 2005 unless otherwise modified by this Court.

IT IS SO ORDERED.


DATED: October 20, 2005


_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE