UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ELAINE PARKER-REED,

        Plaintiff,

   v.

SPRINT CORPORATION, George White, and DOES 1-49, inclusive,

        Defendants.

NO. CIV. S 03-2616 MCE PAN

MEMORANDUM AND ORDER

----oo0oo----

On October 18, 2005, Defendant Sprint/United Management Company ("Sprint") filed a motion for immediate stay and reconsideration of this Court's order remanding the above entitled action to state court for lack of federal jurisdiction. As a basis for its motion, Sprint avers that the Court mistakenly assumed that federal jurisdiction had been premised on a federal question rather than on diversity. In its motion, Sprint requests reconsideration of the Court's remand order because, Sprint claims, diversity jurisdiction does now and has at all

1

times existed in this case.  For the reasons set forth below, Sprint's motion for reconsideration is denied.[1]

**BACKGROUND**

The Court has already set forth a detailed factual background for this action in its Order dated October 14, 2005, which is incorporated by reference and need not be reproduced herein.  Mem. & Order 2-3, October 14, 2005.  In that Order, the Court granted Sprint's summary adjudication motion on all of Plaintiff's federal claims and one of Plaintiff's state claims.  This left three of Plaintiff's state law claims unresolved.  The Court elected not to exercise supplemental jurisdiction over those state claims and, consequently, remanded the case to the state court.  Sprint immediately sought a stay of this Court's remand order and reconsideration thereof.  The Court denied Sprint's request for an immediate stay and now turns to their motion for reconsideration.

**STANDARD**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice.  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816,

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1  108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).  This principle is
2  generally embodied in the law of the case doctrine.  That
3  doctrine counsels against reopening questions once resolved in
4  ongoing litigation.  <u>Pyramid Lake Paiute Tribe of Indians v.</u>
5  <u>Hodel</u>, 882 F.2d 364, 369 (9th Cir. 1989).  Nonetheless, under
6  certain limited circumstances, a court has discretion to revisit
7  a previous decision to assure that justice is served.

8       A timely filed motion for reconsideration under a local rule
9  is construed as a motion to alter or amend a judgment under Rule
10 59(e).  <u>Schroeder v. McDonald</u>, 55 F.3d 454, 459 (9th Cir. 1995).
11 A motion for reconsideration is treated as a Rule 59(e) motion if
12 filed within ten days of entry of judgment, but as a Rule 60(b)
13 motion if filed more than ten days after judgment.  See <u>Am.</u>
14 <u>Ironworks & Erectors Inc. v. N. Am. Constr. Corp.</u>, 248 F.3d 892,
15 898-99 (9th Cir. 2001).  While the Sprint brought this as a Rule
16 60(b) motion, it is more properly considered a Rule 59(e) motion
17 because it was filed within ten days after judgement was entered.
18 Accordingly, the Court will treat this as a Rule 59(e) motion.

19      Absent highly unusual circumstances, reconsideration
20 pursuant to Rule 59(e) is appropriate only where 1) the court is
21 presented with newly discovered evidence; 2) the court committed
22 clear error or the initial decision was manifestly unjust; or 3)
23 there is an intervening change in controlling law.  <u>School Dist.</u>
24 <u>No. 1J, Multnomah County v. Acands, Inc.</u>, 5 F.3d 1255, 1263 (9th
25 Cir. 1993)(citations and quotations omitted).  Mere discontent
26 with the Court's order, or belief that the Court is wrong in its
27 decision, are not grounds for relief under Rule 59(e).
28 ///

3

**ANALYSIS**

Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. <u>Turner v. Burlington Northern Santa Fe R.R.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003). As noted above, Sprint cannot prevail on a 59(e) motion for reconsideration unless they can present newly discovered evidence, establish clear error or manifest injustice or show an intervening change in controlling law.

Sprint does not allege the existence of newly discovered evidence or an intervening change in controlling law. Rather, they allege that this Court committed clear error in remanding the surviving state law claims to the state court. As a basis for this allegation, Sprint contends that the Court mistakenly assumed jurisdiction was based on a federal question as opposed to diversity. Operating under the assumption that diversity jurisdiction does, in fact, exist in this case, Sprint claims that this Court's remand order was in error.

As explained in its Memorandum and Order dated October 20, 2005, the Court must determine the existence of federal jurisdiction solely by an examination of the plaintiff's case without regard to the defendants' pleadings. <u>See</u> <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998); <u>see also</u> Mem. & Order at 2, October 20, 2005. In addition, jurisdiction is to be determined as it exists at the time it was invoked. Subsequent events do not confer jurisdiction. <u>Faysound, Ltd. v. United Coconut Chemicals, Inc.</u>, 878 F.2d 290, 296 (9th Cir. 1989). At the time Plaintiff filed her complaint, Sprint was

4

1  named as a California resident.  Sprint did nothing to clarify
2  Plaintiff's mistaken assertion.  This alone destroyed the Court's
3  ability to exercise diversity jurisdiction as both Plaintiff and
4  Sprint were alleged to be citizens of California.  In addition,
5  however, Plaintiff's first amended complaint named George White,
6  who was similarly alleged to be a citizen of California further
7  destroying diversity.  Accordingly, the Court exercised its
8  federal question jurisdiction in adjudicating Plaintiff's federal
9  claims.  Upon dismissal of those federal claims, the Court chose
10 not to exercise supplemental jurisdiction over the state law
11 claims and remanded the case to the state court.
12     While the foregoing should end the inquiry, Sprint persists
13 in asserting that diversity rather than the existence of a
14 federal question as the proper basis for jurisdiction.  Their
15 assertion is based on the contention that George Smith is a sham
16 defendant.  Sprint goes on to explain that because none of the
17 three remaining claims against Defendant White can prevail, his
18 citizenship should have been disregarded in the first instance.
19     As an initial matter, the Court is not inclined to permit
20 Sprint to assert that George Smith is a sham defendant long after
21 he was clearly named without objection in Plaintiff's complaint.
22 Even were the Court to yield to this argument, however, the rule
23 against fraudulent joinder does not save the day.  While it is
24 true that a court may ignore the citizenship of a joined party
25 when there are no viable claims against him, it is equally true
26 that the court must consider all claims alleged at the time
27 jurisdiction was conferred rather than only those existing at a
28 later point in the litigation.

5

1    As discussed above, the Court is to determine jurisdiction
2 at the time it is invoked.  Subsequent dismissal of certain
3 claims does not render George White a sham Defendant nor does it
4 confer jurisdiction.  At the time federal jurisdiction was
5 invoked, there were eleven claims set forth in Plaintiff's
6 complaint.  The Court cannot say that, as a matter of law, none
7 of those claims could have been successful against Defendant
8 White.  The fact that a majority of those claims have since been
9 dismissed in no way cures the jurisdictional defect that existed
10 at the time jurisdiction was conferred.  Consequently, federal
11 question was the proper basis for jurisdiction and, in light of
12 the dismissal of those federal claims, the Court has properly
13 exercised its discretion to remand the surviving state claims to
14 the state court.

**CONCLUSION**

18    For the reasons set forth fully above, Sprint's motion for
19 reconsideration is DENIED.

21    IT IS SO ORDERED.

23 DATED: November 16, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6